ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
ELIZABETH CARPENTER(SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
XOCHITL D. ARTEAGA (SBN 227034)
KEVIN L. ROSENBERG (SBN OH 81448)
Assistant United States Attorneys
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0347/0703
     Facsimile:  (213) 894-3713
     E-mail: elizabeth.carpenter@usdoj.gov
             abigail.w.evans@usdoj.gov
             Xochitl.arteaga@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-466-R |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANT'S MOTION |
| ) | TO STRIKE PORTIONS OF THE |
| v. ) | INDICTMENT AND FINDINGS THERETO |
| ) | |
| JOSE ALFARO, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

        Having heard from plaintiff, the United States of America,

by and through its counsel of record, the United States Attorney

for the Central District of California, and defendant PAUL CORTEZ

JOVEL, by and through the authorized representative of his

counsel of record, Michael Treman, at a hearing held before this

Court on September 16, 2010, and good cause appearing, the Court

hereby FINDS AS FOLLOWS :

        1.  The Court read and considered Paul Cortez Jovel's Motion

1    to Strike Portions of the Indictment (doc. 632) filed on August

2    30, 2010, and the government's opposition thereto.

3          2.   The Court, after carefully considering the pleadings,

4    declarations and documents filed by the parties, as well as the

5    argument presented at the hearing, orally denied the defendant's

6    Motion to Strike Portions of the Indictment.  This Order will

7    supplement the Court's oral ruling denying the motion.  In

8    connection with this Order, the Court makes the following

9    Findings of Fact and Conclusions of Law.

10         3.   On September 16, 2010, this Court held a hearing on the

11   motion.  Defendant appeared in person with his counsel of record.

12   After affording the parties opportunity for argument, the Court

13   denied defendant's Motion to Strike Portions of the Indictment.

14   The Court considered the factors set forth in United States v.

15   Ziskin, 360 F.3d 934 (9th Cir. 2003).  The Court first finds that

16   the prior conspiracy lasted four days as compared to the 14-year

17   long conspiracy currently charged.  Second, the Court finds that

18   prior conspiracy took place at a single intersection, in contrast

19   to the current conspiracy that encompassed much of Los Angeles.

20   Third, the Court finds that the prior conspiracy involved two

21   other co-conspirators, neither of whom are named in the current

22   indictment, and the current indictment names 23 individuals not

23   named in the prior conspiracy.  Fourth, the Court finds that

24   while there are overt acts common to both indictment, the Court

25   considers United States v. Ingman, 541 F.2d 1329 (9th Cir. 1976)

26   and rules that an action may well be in furtherance of two

27   conspiracies.  Finally, the Court finds that the current

28

conspiracy involves the distribution of narcotics in substantially greater quantities, and a wider range of substances.   Accordingly the Court finds that the previous conspiracy, and that which is currently charged in Count 16, are separate and distinct conspiracies.

4.   The Court finds that the RICO conspiracy offense and the underlying predicate racketeering acts are separate offenses.

5.   Therefore there are no double jeopardy concerns implicated in the current prosecution.

6.   The Court also considers United States v. Clark, 218 F.3d 1092 (9 Cir. 2000), and finds that the government was under no obligation to inform the defendant of an ongoing criminal investigation.

7.   The Court therefore finds that the defendant's due process rights were not violated.

8.   The Court finds that Federal Rule of Criminal Procedure 11 only requires the government to inform the defendant of the direct consequences of a guilty plea.

9.   The Court finds that the defendant's reliance on collateral estoppel is without merit as there has been no prior litigation on this issue.

10.   The Court finds that because the defendant is being charged with a different conspiracy, rather than possession of controlled substances mentioned in a 2007 plea agreement, the government has not violated the terms of the 2007 plea agreement.

11.   The Court does however strike the overt acts No. 122, 147, and 148 as to defendant JOVEL only.

3

THEREFORE, FOR GOOD CAUSE SHOWN:

   IT IS HEREBY ORDERED that defendant Paul Cortez Jovel's Motion to Strike Portions of the Indictment is denied and overt acts No. 122, 147, and 148 are stricken as to defendant JOVEL only.


   IT IS SO ORDERED.

  Oct. 1, 2010    _____
DATE                   THE HONORABLE MANUEL REAL
                       UNITED STATES DISTRICT JUDGE


Presented by:

   /s/    _____
Kevin L. Rosenberg
Department of Justice

4

1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Chief, Criminal Division
3   ELIZABETH CARPENTER(SBN 243460)
    ABIGAIL W. EVANS (SBN 249629)
4   XOCHITL D. ARTEAGA (SBN 227034)
    KEVIN L. ROSENBERG (SBN OH 81448)
5   Assistant United States Attorneys
         1500 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone:  (213) 894-0347/0703
         Facsimile:  (213) 894-3713
8        E-mail: elizabeth.carpenter@usdoj.gov
                 abigail.w.evans@usdoj.gov
9                Xochitl.arteaga@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

11

12                  UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                       CRIMINAL DIVISION

15  UNITED STATES OF AMERICA, )    No. CR 09-466-R
                              )
16           Plaintiff,       )    [Proposed] ORDER DENYING
                              )    DEFENDANT'S DISCOVERY MOTION AND
17           v.               )    FINDINGS THERETO
                              )
18  JOSE ALFARO, et al.,      )
                              )
19           Defendants.      )
    _____ )

20

21       Having heard from plaintiff, the United States of America,

22  by and through its counsel of record, the United States Attorney

23  for the Central District of California, and defendant PAUL CORTEZ

24  JOVEL, by and through the authorized representative of his

25  counsel of record, Michael Treman, at a hearing held before this

26  Court on September 16, 2010, and good cause appearing, the Court

27  hereby FINDS AS FOLLOWS :

28       1.   The Court read and considered Paul Cortez Jovel's Motion

                                    5

re: Discovery relating to applications for orders to intercept
wire communications (doc. 631) filed on August 30, 2010, and the
government's opposition thereto.

2. The Court, after carefully considering the pleadings,
declarations and documents filed by the parties, as well as the
argument presented at the hearing, orally denied the defendant's
Discovery Motion.  This Order will supplement the Court's oral
ruling denying the motion.  In connection with this Order, the
Court makes the following Findings of Fact and Conclusions of
Law.

3. On September 16, 2010, this Court held a hearing on the
motion.  Defendant appeared in person with his counsel of record.
After affording the parties opportunity for argument, the Court
denied defendant's Discovery Motion.  The Court considered
Pennsylvania v. Ritchie, 480 U.S. 39 (1987), and finds that
defense counsel has no constitutional right to conduct his own
search of the government's files to argue relevance.

4. The Court finds that the categories of the discovery
relevant to the statements contained in the wire affidavits do
not fall within the government's discovery obligations under Rule
16, Brady/Giglio, or the Jencks Act.

5. The Court considers United States v. Spagnuolo, 549
F.2d 705 (9th Cir. 1977), and finds that the defendant's
purported need to pursue pretrial suppression motions does not
justify expanding the government's discovery obligation.

6. The Court finds that the defendant has not established
that the requested discovery is material to the preparation of

his defense or material to his guilt or punishment.

7.   The Court finds that the defendant's discovery request E and G are subject to the governments limited privilege to withhold the identity of confidential informants.

8.   The Court further finds that many requests are premature as they seek Jencks statements which the Court has previously ruled upon.

THEREFORE, FOR GOOD CAUSE SHOWN:

IT IS HEREBY ORDERED that defendant Paul Cortez Jovel's Motion re: Discovery relating to applications for orders to intercept wire communications is denied.


IT IS SO ORDERED.

_____              _____
DATE                          THE HONORABLE MANUEL REAL
                              UNITED STATES DISTRICT JUDGE


Presented by:


   /s/
_____
Kevin L. Rosenberg
Department of Justice