ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Chief, Criminal Division
ELIZABETH CARPENTER (SBN 243460)
ABIGAIL W. EVANS (SBN 249629)
XOCHITL D. ARTEAGA (SBN 227034)
KEVIN L. ROSENBERG (SBN OH 81448)
Assistant United States Attorneys
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0347/0703
    Facsimile: (213) 894-3713
    E-mail: elizabeth.carpenter@usdoj.gov
            abigail.w.evans@usdoj.gov
            Xochitl.arteaga@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 09-466-R |
|---|---|
| Plaintiff, | ) [~~Proposed~~] ORDER DENYING |
| v. | ) DEFENDANT'S DISCOVERY MOTION AND |
|  | ) FINDINGS THERETO |
| JOSE ALFARO, et al., | ) |
| Defendants. | ) |

Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant PAUL CORTEZ JOVEL, by and through the authorized representative of his counsel of record, Michael Treman, at a hearing held before this Court on September 16, 2010, and good cause appearing, the Court hereby FINDS AS FOLLOWS :

    1.  The Court read and considered Paul Cortez Jovel's Motion

6

Case 2:09-cr-00466-DSF   Document 808   Filed 10/01/10   Page 2 of 3   Page ID #:7068

re: Discovery relating to applications for orders to intercept wire communications (doc. 631) filed on August 30, 2010, and the government's opposition thereto.

2. The Court, after carefully considering the pleadings, declarations and documents filed by the parties, as well as the argument presented at the hearing, orally denied the defendant's Discovery Motion. This Order will supplement the Court's oral ruling denying the motion. In connection with this Order, the Court makes the following Findings of Fact and Conclusions of Law.

3. On September 16, 2010, this Court held a hearing on the motion. Defendant appeared in person with his counsel of record. After affording the parties opportunity for argument, the Court denied defendant's Discovery Motion. The Court considered Pennsylvania v. Ritchie, 480 U.S. 39 (1987), and finds that defense counsel has no constitutional right to conduct his own search of the government's files to argue relevance.

4. The Court finds that the categories of the discovery relevant to the statements contained in the wire affidavits do not fall within the government's discovery obligations under Rule 16, Brady/Giglio, or the Jencks Act.

5. The Court considers United States v. Spagnuolo, 549 F.2d 705 (9th Cir. 1977), and finds that the defendant's purported need to pursue pretrial suppression motions does not justify expanding the government's discovery obligation.

6. The Court finds that the defendant has not established that the requested discovery is material to the preparation of

his defense or material to his guilt or punishment.

7.  The Court finds that the defendant's discovery request E and G are subject to the governments limited privilege to withhold the identity of confidential informants.

8.  The Court further finds that many requests are premature as they seek Jencks statements which the Court has previously ruled upon.

THEREFORE, FOR GOOD CAUSE SHOWN:

IT IS HEREBY ORDERED that defendant Paul Cortez Jovel's Motion re: Discovery relating to applications for orders to intercept wire communications is denied.

IT IS SO ORDERED.

Oct. 1, 2010
DATE

THE HONORABLE MANUEL REAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
Kevin L. Rosenberg
Department of Justice

8